**UNITED STATES of America,
Appellee,**

v.

**Aaron GONZALEZ, also known as
Aaron Elizondo, also known as
Aaron Martinez, Appellant.**

No. 03–3355.

United States Court of Appeals,
Eighth Circuit.

Submitted: April 6, 2004.

Decided: April 12, 2004.

Lynnett M. Wagner, U.S. Attorney's Office, Lincoln, NE, for Plaintiff–Appellee.

Richard Jay Epstein, Weinberg & Weinberg, Omaha, NE, Aaron Gonzalez, Federal Correctional Institution, Littleton, CO, for Defendant–Appellant.

Before BYE, MCMILLIAN, and RILEY, Circuit Judges.

PER CURIAM.

Aaron Gonzalez (Gonzalez) appeals the sentence the district court[1] imposed after he pled guilty to participating in a drug conspiracy, in violation of 21 U.S.C. § 846. Gonzalez argues that the two felony convictions upon which the court relied to classify him as a career offender did not qualify as convictions under U.S.S.G. § 4B1.1(a), because the Nebraska Department of Correctional Services had issued certificates for both convictions that showed he had been "discharged" and "restored all [his] civil rights as provided by law." In support of this argument, Gonzalez analogizes his case to *United States v. Gallaher*, 275 F.3d 784 (9th Cir.2001), where a divided panel of the Ninth Circuit Court of Appeals held that (1) if a state had restored the defendant's civil rights with respect to a prior conviction by issuance of a certificate, and (2) the certificate did not expressly contain a restriction pertaining to firearms, the prior conviction may not be used as a predicate offense under the Armed Career Criminal Act, 18

---

1. The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

U.S.C. § 924.[2] Here, even if this court were to agree with Gonzalez that *Gallagher* applies, Gonzalez's argument fails because both certificates on Gonzalez included the following disclaimer: "The issuance of this Certificate of Discharge does not restore to the above captioned individual his/her right to bear arms." We conclude that a state certificate which merely reinstates a former prisoner's civil rights does not prevent the conviction from being counted under section 4B1.1(a). *See* U.S.S.G. §§ 4B1.2 n. 3, 4A1.2 n. 10. Accordingly, we affirm.

**2.** Gonzalez's reliance on *United States v. Gallaher,* 275 F.3d 784 (9th Cir.2001), is misplaced. In *Gallaher,* the defendant was convicted of being a felon in possession of ammunition. Moreover, the holding was

based on the plain language of 18 U.S.C. § 921(a)(20).